UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODLAND TRADING, INC.,

Plaintiff,

-against-

G ASHLEY, INC., et al.,

Defendants.

Case No. 1:26-cv-07124 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On September 14, 2026, as a courtesy, the Court granted an extension of Defendants' time to answer or otherwise respond to the Complaint to September 28, 2026. *See* Dkt. 12. On the same day, Plaintiff filed a letter advising that counsel for Defendants had, by email to Plaintiff's counsel, disputed the validity of service of the Complaint. *See* Dkt. 13. Plaintiff argued that it had effected proper service on Defendants. *See id.* at 2. Plaintiff further advised that it did not consent to any extension of time beyond September 28, 2026, and indicated that it wished to move for default judgment against Defendants if they failed to respond to the Complaint by that date. *Id.* Also on the same day, counsel for Defendants — without entering an appearance in this matter — filed a responsive letter arguing that Plaintiff's service was ineffective and asking that the Court "vacate its text Order directing Defendants to respond to the Complaint on or before September 28, 2026." Dkt. 14 at 4.

The docket reflects that Defendants have been served with process. *See* Dkts. 10-11. To the extent Defendants dispute the effectiveness of that service, they must raise their objections in the proper manner. *See, e.g.*, *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-cv-01112 (VSB), 2018 WL 4757939, at *3 (S.D.N.Y. Sept. 30, 2018) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the

summons and complaint." (quoting *Jackson v. City of New York*, No. 14-cv-05755 (GBD) (KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015))). On the other hand, of course, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 139 (2d Cir. 2011) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)). Defendants have until September 28, 2026, to decide which course to take. The Court will not resolve the question of service based on the parties' letters, and it will not vacate its previous order.

Dated: September 15, 2026
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge